## JOHM N. WISNER ET AL.
### V.
## WILLIAM M. KELLEY.

1. ATTACHMENT WRIT—EVIDENCE.—As there is no evidence in the record to support the allegations in the affidavit for the attachment, the case is reversed.

2. PRACTICE.—An objection in this court that no bill of exceptions was filed or tendered until several terms after the trial of the attachment issue, comes too late when the bill of exceptions, containing all the evidence, appears in the record, and no motion was made to strike it out.

APPEAL from the Circuit Court of Cook county; the Hon. LORIN C. COLLINS, Judge, presiding. Opinion filed May 29, 1885.

Mr. T. L. HUMPHREVILLE, for appellants.

Mr. E. B. SHERBURNE, for appellee.

WILSON, P. J. This is an appeal from a judgment rendered in favor of appellee against appellants in an attachment suit, for $649. The causes set out in the affidavit for the attachment were (1), that the defendants were about to remove their property from the State, to the injury of the plaintiff, and that they were about to depart from the State with the intention of having their effects removed therefrom; (2) that they were about to fraudulently conceal or assign or otherwise to dispose of their property or effects so as to hinder or delay their creditors.

The defendants pleaded in abatement to the attachment, traversing the allegations of the affidavit, on which issue was joined. To the declaration, which was in assumpsit for an alleged indebtedness by the defendants to the plaintiff, they pleaded the general issue, with notice of set-off. These issues were tried separately. On the issue of indebtedness the plaintiff had a verdict and judgment for $649.

As to the issue of indebtedness, it is sufficient to say we

have carefully examined the record, and we are unable to say that the verdict is not supported by a preponderance of the evidence. Appellee's claim was for rent of barn, boarding and stabling horses, wages, and money loaned at different times. Appellants claimed offsets for money paid at various times, for injury to appellant's horse while in appellee's possession, etc. The true state of the account between the parties was an appropriate subject for the jury to adjust under the evidence, and we are not inclined to disturb their finding. The judgment on that issue is affirmed.

There were four trials of the attachment issue, in the second of which the jury disagreed, and in the other three there were verdicts for the plaintiff, of which the court set aside two, on motion of the defendants, and refused a new trial in the fourth. It is insisted by counsel for appellee that, under section 56 of the Practice Act, which provides that no more than two new trials upon the same grounds shall be granted to the same party in the same cause, the circuit court having already granted two new trials on appellants' motion, properly denied the third. It is sufficient to say that the record nowhere discloses the grounds upon which the two former new trials were allowed. For aught that appears, they may have been allowed for errors in the admission or rejection of evidence, or misdirections to the jury, or for other errors. We can not assume that the grounds were the same as those relied upon in support of the last motion for a new trial.

As to the attachment issue, we have searched the record in vain for any evidence to support the allegations of the affidavit. There was no evidence tending to show that the defendants were about to depart the State with the intention of having their effects removed therefrom, nor that they were about to depart the State. The plaintiff and one Jacobs were the only witnesses sworn on the part of the plaintiff, but neither of them gave any testimony tending to prove that allegation.

Equally barren of proof was the allegation that the defendants were about to fraudulently conceal, assign, or otherwise dispose of their property, to hinder or delay their creditors. It appears that, desiring to go out of the livery business, the

Wisner v. Kelley.

defendants were looking about for a place to get board for their horses, to be kept until they could sell them. At the suggestion of appellee they wrote to a Mr. Merrill, of Crown Point, Ind., requesting him to ascertain what he could get them kept for per week, and have them so fed as to keep them in selling condition. Receiving no answer to this letter, appellants sent Jacobs to Prospect Park, a few miles from the city, to see if an arrangement could be made with Mr. Stacey for their keeping. The day before the attachment was issued, Jacobs reported to appellants that he had arranged with Mr. Stacey for the keeping of the horses. In all this there was no attempt at concealment, and everything appears to have been done with the knowledge and consent of appellee. It further appeared that appellants were the owners of unincumbered real estate in the county of Cook, which was ample to have satisfied appellee's demand.

Moreover, on the day preceding the issue of the attachment, the parties were endeavoring to adjust their matters, and appellants offered to turn over to appellee the horses in question, together with some other property, in payment of his demand, but they disagreed as to the valuation put upon the property by appellee; whereupon appellee, on the following morning, sued out the writ. This is a brief summary of the evidence, and we are wholly at a loss to perceive in it any foundation for the attachment.

We also find numerous errors in the giving and refusing of instructions, which it is unnecessary to consider.

It is objected by appellee that no bill of exceptions was filed or tendered until several terms after the trial of the attachment issue. It is enough to say that the bill of exceptions, containing all the evidence, appears in the record, and no motion was made to strike it out. The objection comes too late.

The judgment of the circuit court on the attachment issue is reversed.

Reversed.